**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Plaintiff, | ) | |
| v. | ) | No. 06-186C (Judge Block) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and avers as follows:

The first two unnumbered paragraphs constitute plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the bonds cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 6.

7. Admits.

8. Admits.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

10. Admits the allegations in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Denies.

13. Admits.

14. Admits the allegations in paragraph 14 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 14.

15. Admits that Mr. Perez did not meet the educational requirements of the contract, specification section 01451, for the position of Contractor Quality Control ("CQC") System Manager. Avers that an individual could satisfy the requirements of specification section 01451 for the position of CQC System Manager based upon work history, rather than educational background. Denies the remaining allegations in paragraph 15.

16. Admits.

17. Denies the allegations contained in the first clause of paragraph 17. Admits the allegations contained in the second clause of paragraph 17.

18. The allegations contained in paragraph 18 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. Admits the allegations contained in paragraph 19 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 19.

20. Denies.

21. Admits that the Government continued to make progress payments to Sedona Contracting, Inc. ("Sedona") through October 2000; otherwise, denies the allegations contained in paragraph 21.

22. The allegations contained in paragraph 22 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. Admits the allegations contained in paragraph 23 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 23.

24. Admits that Federal Acquisition Regulation ("FAR") § 52.232-5 was incorporated into the contract between the parties. Admits the allegations contained in paragraph 24 to the extent supported by the FAR provision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the FAR provision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the FAR provision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the FAR provision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 27.

28. Denies the allegation contained in paragraph 28 that the preconstruction meeting was held on November 9, 1999. Avers that the preconstruction meeting took place on November 5, 1999. Admits the remaining allegations in paragraph 28.

29. The allegations contained in paragraph 29 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

30. Admits the allegations contained in paragraph 30 to the extent supported by the payment applications cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 30.

31. Admits.

32. Admits.

33. Admits.

34. Admits.

35. Admits.

36. Admits that the Government chose not to withhold any retainage from progress payments made on or before October 20, 2000; denies the remaining allegations in paragraph 36.

37. Denies.

38. The allegations contained in paragraph 38 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

39. Denies the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. Denies the allegations contained in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. The allegations contained in paragraph 41 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

42. Denies.

43. Admits.

44. Admits that several subcontractors contacted the Government complaining of non-payment by Sedona; otherwise, denies the allegations in paragraph 44.

45. Admits.

46. Admits that the Government received notices from unpaid subcontractors through June 7, 2001 and that the Government terminated Sedona's contract on that date; otherwise, denies the allegations contained in paragraph 46.

47. Admits the allegations contained in the first sentence of paragraph 47. Admits the allegations contained in the second sentence of paragraph 47 to the extent supported by the letter

cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 47. Denies the allegations contained in the third sentence of paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48. The allegations contained in paragraph 48 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49. Admits that the Government, by November 2000, had received notice from some subcontractors that they had not been paid by Sedona; otherwise, denies the allegations contained in paragraph 49.

50. Admits.

51. Denies the allegations in paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth.

52. Denies the allegations contained in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53. Admits the allegations contained in paragraph 53 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 53.

54. Admits that plaintiff provided additional financial information to the Government concerning Sedona and that plaintiff demanded that the Government make any further payments to Sedona to a joint account that was controlled by plaintiff; otherwise, denies the allegations contained in paragraph 54.

55. Admits.

56. Denies the allegations contained in paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

57. Admits the allegations contained in paragraph 57 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 57.

58. Admits.

59. Admits the allegations contained in paragraph 59 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 59.

60. Admits the allegations contained in paragraph 60 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 60.

61. Admits.

62. Admits.

63. Admits the allegations contained in paragraph 63 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 63.

64. Admits the allegations contained in paragraph 64 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 64.

65. Admits.

66. Denies.

67. Admits.

68. Denies the allegations contained in the first sentence of paragraph 68 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 68.

69. Denies.

70. Denies.

71. Admits.

72. Admits the allegations contained in paragraph 72 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 72.

73. Admits the allegations contained in paragraph 73 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 73.

74. Admits the allegations contained in paragraph 74 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 74.

75. Admits the allegations contained in the first sentence of paragraph 75. Admits the allegations contained in the second sentence of paragraph 75 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 75.

76. Admits the allegations contained in the first two sentences of paragraph 76 to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise,

denies the allegations contained in the first two sentences of paragraph 76. The allegations contained in the last sentence of paragraph 76 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

77. Admits the allegations contained in paragraph 77 to the extent supported by the evaluation cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 77.

78. Admits.

79. Admits the allegations contained in paragraph 79 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 79.

80. Admits the allegations contained in paragraph 80 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 80.

81. Admits the allegations contained in paragraph 81 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 81.

82. Admits the allegations contained in paragraph 82 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 82.

83. Admits the allegations contained in paragraph 83 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations

contained in paragraph 83.

84. Admits.

85. Admits that in the summer of 2000, the Government began receiving notices from Sedona's subcontractors that they were not being paid; otherwise, denies the allegations contained in paragraph 85.

86. Denies.

87. Admits that plaintiff entered into a takeover agreement with the Government on June 26, 2001; otherwise, denies the allegations contained in paragraph 87.

88. Admits.

89. Admits.

90. The allegations contained in paragraph 90 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

91. Admits. Avers that no final decision on plaintiff's Contract Disputes Act ("CDA") claim was issued in July 2006 because the contracting officer suspended processing of the CDA claim after the filing of the complaint in this case.

92. Denies the allegations contained in paragraph 92 for lack of knowledge or information sufficient to form a belief as to their truth.

93. Defendant's responses to paragraphs 1 through 92 of the complaint are incorporated by reference.

94. The allegations contained in paragraph 94 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be

deemed allegations of fact, they are denied.

95. The allegations contained in paragraph 95 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

96. The allegations contained in paragraph 96 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

97. The allegations contained in paragraph 97 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

98. The allegations contained in paragraph 98 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

99. The allegations contained in paragraph 99 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

100. The allegations contained in paragraph 100 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

101. The allegations contained in paragraph 101 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

102. Defendant's responses to paragraphs 1 through 101 of the complaint are incorporated by reference.

103. The allegations contained in paragraph 103 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

104. Denies.

105. Admits that by November 2000, the Government had notice that Sedona was not paying its subcontractors; denies the remaining allegations contained in paragraph 105 for lack of knowledge or information sufficient to form a belief as to their truth.

106. Admits that by January 1, 2001, the Government had received notice from plaintiff regarding Sedona's financial situation; otherwise, denies the allegations contained in paragraph 106.

107. Admits.

108. Admits the allegations contained in paragraph 108 to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 108.

109. Admits that the Government issued a show cause notice on May 7, 2001 and terminated Sedona's contract for default on June 7, 2001; otherwise denies the allegations contained in paragraph 109.

110. Denies.

111. The allegations contained in paragraph 111 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact,

they are denied.

112. The allegations contained in paragraph 112 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

113. The allegations contained in paragraph 113 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

114. The allegations contained in paragraph 114 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

115. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 114, or to any relief whatsoever.

116. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL

WALTER J. SKIERSKI, JR.
Assistant District Counsel
U.S. Army Corps of Engineers
Fort Worth District
Fort Worth, TX 76102-0300

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2279
Fax: (202) 305-7643

electronically filed,
March 26, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad